UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEVIN L. JACKSON, SR, <br><br> Plaintiff, <br><br> v. <br><br> RAND CHARLES, *et al.* <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 25-cv-15921 (KMW-EAP) <br><br> **MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Kevin L. Jackson Sr's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 1 at p. 24, 43-46) ("IFP Application") pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application (ECF No. 1 at p. 24 and 43-46), Plaintiff declares that he has a monthly income of $997.00 from Social Security Income, and has approximately $1,712.00 in expenses per month. IFP Application ¶¶ 1, 8. Plaintiff asserts that he does not have other liquid assets, nor does he have a spouse to contribute income or share in expenses, he claims to have one dependent. *Id.*

**WHEREAS,** the Third Circuit has held that an application to proceed without paying filing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted); and

**WHEREAS** the Court notes that although a person "need not be absolutely destitute to proceed in forma pauperis," Plaintiff must nonetheless, "establish that [he] is unable to pay the costs of [his] suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016); and

**THE COURT FINDING** that because Plaintiff's monthly expenses exceed his income, Plaintiff has demonstrated that he cannot pay the costs of litigation, and thus the Court **GRANTS** the IFP Application.

Pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must *sua sponte* review Plaintiff's Complaint and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane* v. *Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain,* 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Pursuant to Rule 8 of the Rules of Civil Procedure, a complaint seeking to raise a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. P. 8(a)(2). Each allegation in a complaint must therefore be "concise and direct." Fed. R. Civ. P. 8(e)(1). A District Court may dismiss a complaint *sua sponte* for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). A complaint may therefore be dismissed pursuant to Rule 8 where the "'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Here, Plaintiff's filing is a confounding 47-page submission that primarily includes what seem to be court papers from previous New Jersey Superior Court cases and unintelligible handwritten notes. To the extent that there is a complaint, it might be found at page 25 of the filing, which is a copy of an email sent from Kevin Jackson Sr to KSQUARED INC, Sr., the subject of which is "Civil Rights Complaint (4,000,000.00)" (ECF No. 1 at p. 25.) The Defendants are not listed on the Complaint. Rather, page 13, which is neither before nor after the Complaint, is a handwritten page between a photocopy of a cryptic post it note (ECF No. 1 at p. 12) and a copy of a Notice of Delinquency from the Camden County Probation Division, Child Support Enforcement

3

(ECF No. 1 at p. 14). The handwritten page lists 13 names and states: "Since state has immunity under the 11th Amendment all defendants under color of law are listed above with signatures and filing of named defendants." (ECF No. 1 at p. 13.) As to the substance of the Complaint, to establish Jurisdiction it states, "THE COURT HAS NO JURISDICTION UNDER 28 U.S.C. § 1331 AND 42 U.S.C. § 1983." (ECF No. 1 at p. 25.) Even assuming that the Plaintiff meant to plead that the Court *does* have jurisdiction under 28 U.S.C. § 1331, what follows cannot be construed in a manner that permits the Court to ascertain what claims are alleged against each Defendant, nor can the Court construe the facts that support those claims either generally or against any defendant specifically. For example, there are thirteen Defendants, there are seven listed facts in the "Facts" section, and there are seven listed claims in the "Claims" section. The Complaint does not indicate which Defendant is subject to any of the claims. The Complaint does not indicate which of the facts support any of the claims. The Complaint does not address any of the elements of any of the claims, nor does it provide factual support to sufficiently plead any claim against any defendant either specifically or generally. Plaintiff's Complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Ruther*, 556 F. App'x at 92. Therefore, Plaintiff's Complaint fails to meet the requirements of Rule 8 and must be dismissed without prejudice.

**IT IS HEREBY** on this 5th day of December, 2025, **ORDERED**

A. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1 at p. 24, 43-46) is **GRANTED**

B. The Complaint (ECF No. 1) shall be filed

C. The Complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**

5

D. Plaintiff has thirty (30) days to amend his pleadings in light of the deficiencies described in this Memorandum Opinion and Order, and if Plaintiff fails to do so, the Court will Order the Clerk of Court to close the case

E. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

_____
KAREN M. WILLIAMS
United States District Judge